DAVID LOPEZ, ESQ. DL-6779
*Attorney for Plaintiff*
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:    631.287.5520
Fax:   631.283.4735
Email: DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ. MT-1979
Miriam Tauber Law PLLC
*Attorney for Plaintiff*
885 Park Avenue 2A
New York, New York 10075
Email: MiriamTauberLaw@gmail.com
Tel:    323.790.4881

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE, <br><br> Plaintiff, <br><br> v. <br><br> PATRIOT NATIONAL, INC., <br><br> Nominal Defendant, <br><br> and <br><br> STEVEN M. MARIANO, <br><br> Defendant. | No. 16-cv-7905 <br><br> **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78(p)(b)** <br><br> **JURY TRIAL DEMANDED** |

**DEBORAH DONOGHUE** by David Lopez, Esq., and Miriam Tauber, Esq., her attorneys, complaining of the defendants, respectfully alleges the following upon information and belief, except as to herself and her own acts which plaintiff alleges on personal knowledge.

1

**NATURE OF ACTION**

1. This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended ("the Act"), 15 U.S.C § 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a company whose equity securities are registered under Section 12 of the Act, or one of its subdivisions, who profited from the purchase and sale of the company's equity securities or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of inside information or bad faith is irrelevant and not required to establish liability. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained in violation of the Act.

3. Defendant STEVEN M. MARIANO ("MARIANO") is an insider of Nominal Defendant PATRIOT NATIONAL, INC., ("PATRIOT"), who profited from his sale of 2,500,000 shares of PATRIOT common stock, on December 15, 2015, and his purchases of larger numbers of shares of common stock at lower prices within periods of less than six months. The resulting short-swing profits are recoverable by PATRIOT or, upon its failure to act on its own behalf within 60 days of demand for action, by any of its shareholders.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

5. Venue is proper in this District pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. The common stock of PATRIOT is listed on the New York Stock Exchange and one or more of the pleaded transactions took place on the floor of that National Exchange within the District. PATRIOT conducts business and provides services and is thus found within the District.

## THE PARTIES

6. Plaintiff, Deborah Donoghue, is a security owner of PATRIOT. She resides in Yonkers, New York, within the District.

7. Nominal Defendant PATRIOT is engaged in the business of providing technology and outsourcing services to the insurance industry. PATRIOT is a Delaware Corporation with principal offices at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301. This action is brought in the right and for the benefit of PATRIOT, which is named as a party defendant solely in order to have all necessary parties before the Court.

8. Defendant, MARIANO, is and was at all times relevant an insider of PATRIOT, to wit: an officer, director and more-than 10% beneficial owner of a class of equity security and thereby a fiduciary. MARIANO maintains a principal place of business or is found at c/o Patriot National, Inc., 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

## STATUTORY REQUISITES

9. At all times relevant, the common stock of PATRIOT was registered under Section 12 of the Act.

10. The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

11. Demand for prosecution was made by Plaintiff on PATRIOT by an initial letter from DONOGHUE dated March 21, 2016, with follow-up letters dated March 26, 2016, and September 28, 2016. Other than to request proof of share ownership, which was provided on or about March 28, 2016, there has been no further communication from PATRIOT. Further delay in the bringing of suit would be a futile gesture, more than 60 days having expired from the initial demand.

12.     This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

## CLAIM FOR RELIEF

13.     On or about December 16, 2015, MARIANO sold 2,500,000 shares of PATRIOT common stock for a price of $12.00 per share, or an aggregate sale price of $30,000,000, more or less, or such different price as discovery may establish.

14.     On or about March 11, 2016, MARIANO purchased 100,000 shares of PATRIOT common stock for a price of $5.73 per share, more or less, or such different price as discovery may establish.

14.     On or about March 16, 2016, MARIANO purchased 15,000 shares of PATRIOT common stock for a price of $6.17 per share, more or less, or such different price as discovery may establish.

15.     On or about March 17, 2016, MARIANO purchased 15,000 shares of PATRIOT common stock for a price of $6.55 per share, more or less, or such different price as discovery may establish.

16.     On or about March 18, 2016, MARIANO purchased 30,000 shares of PATRIOT common stock for a price of $6.92 per share, more or less, or such different price as discovery may establish.

17.     On or about March 24, 2016, MARIANO purchased 70,000 shares of PATRIOT common stock for a price of $7.60 per share, more or less, or such different price as discovery may establish.

18. The foregoing sale and purchases by MARIANO of PATRIOT common stock occurred within periods of less than six months, rendering the resulting short swing profit recoverable by or on behalf of PATRIOT in this action by Plaintiff.

19. Maximum short swing profits recoverable from MARIANO are not known to Plaintiff but may be estimated to exceed $1,175,000.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring MARIANO to account for and to pay over to PATRIOT the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: New York, New York
October 10, 2016

Yours, etc.

*s/ Miriam Tauber*
_____
Miriam Tauber
MIRIAM TAUBER LAW PLLC